# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHANNA ROBERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-09-388-D |
| ) | |
| MICHAEL J. ASTRUE, Commissioner, ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Pursuant to 42 U.S.C. §405(g), Plaintiff brought this action for judicial review of the decision of the Commissioner of the Social Security Administration denying Plaintiff's application for disability benefits and supplemental security income benefits. The matter was referred to United States Magistrate Judge Doyle W. Argo for initial proceedings in accordance with 28 U.S.C. §636 (b)(1)(B).

On May 21, 2010, the Magistrate Judge filed a Report and Recommendation in which he recommended that the Commissioner's decision be affirmed. Because Plaintiff timely objected, the matter is reviewed *de novo*.

This Court's review of the Commissioner's decision is limited, as the Court may not reweigh the evidence or substitute its judgment for that of the Commissioner; instead, it must determine only if the correct legal standards were applied and if the decision is supported by substantial evidence in the record. *Hackett v. Barnhart*, 395 F. 3d 1168, 1172 (10th Cir. 2005). Substantial evidence is that which a reasonable person might deem adequate to support the ultimate conclusion. *Doyal v. Barnhart*, 331 F. 3d 758, 760 (10th Cir. 2003). Evidence is not substantial for this purpose if it is "overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). A "mere scintilla" of evidence is similarly

inadequate. *Branum v. Barnhart*, 385 F. 3d 1268, 1270 (10th Cir. 2004).

The record in this case reflects that, following the *de novo* hearing regarding Plaintiff's claim, the Administrative Law Judge ("ALJ") issued an opinion applying the sequential evaluation process required by Social Security regulations. *See* 20 C. F. R. § § 404.1520 , 416.920. The Report and Recommendation accurately discusses the conclusions reached at each step of the five-step evaluation process. *See* Report and Recommendation at p. 3-4. Specifically, at steps two and three, the ALJ determined that Plaintiff suffers from sarcoidosis, asthma, reactive airway disease, steroid induced diabetes, and high blood pressure; all were determined to be severe, but not sufficiently severe to meet or equal the criteria of any listed impairment or combination of impairments required by the applicable regulations. The ALJ next determined that Plaintiff has the residual functional capacity ("RFC") to perform a limited range of sedentary work; she was found able to occasionally climb, balance, kneel, stoop, crawl, and crouch. In addition, the ALJ concluded she must avoid concentrated exposure to dust, fumes, odors, gasses, and cigarette smoke, and she must work in a controlled environment where she can avoid exposure to extreme cold and heat. Applying that RFC and the testimony of a vocational expert, the ALJ concluded at step four of the evaluation that Plaintiff cannot perform her past relevant work as a nurse's aide; however, based on the vocational expert's testimony and the Medical-Vocational guidelines, a person with Plaintiff's vocational factors and RFC can perform other work that exists in significant numbers in the economy. These include appointment clerk and front desk receptionist. Accordingly, the ALJ concluded Plaintiff is not disabled within the meaning of the Social Security Act.

In a thorough and detailed Report and Recommendation, the Magistrate Judge reviewed the evidence in the record in light of the governing law, and he concluded that the ALJ did not err in her conclusions; he found those conclusions were supported by substantial evidence in the record.

Plaintiff asserts four objections to the Report and Recommendation. She argues that the ALJ: 1) erred in concluding Plaintiff's impairments did not meet or equal the impairments listed in the appendix to the regulations; 2) failed to adequately address the opinion of a treating physician and the weight assigned to that opinion; 3) improperly evaluated Plaintiff's credibility; and 4) improperly assessed Plaintiff's RFC.

These objections are identical to the arguments Plaintiff raised in her initial brief seeking a reversal of the Commissioner's decision. In the Report and Recommendation, the Magistrate Judge addressed each of Plaintiff's contentions. In a thorough examination of the ALJ's opinion and the record, the Magistrate Judge discussed each argument and concluded that Plaintiff's contentions lacked merit, explaining in detail his reasons for that conclusion.

The Court has thoroughly reviewed the 22-page Report and Recommendation in light of the record and the governing law. The Court need not repeat the analysis or conclusions in the Report and Recommendation, and adopts the same as though fully set forth herein. The Court agrees that Plaintiff's objections do not warrant rejection of the ALJ's decision. Accordingly, the Report and Recommendation [Doc. No. 17] is adopted as though fully set forth herein. The decision of the Commissioner is affirmed, and judgment shall enter in favor of the Commissioner and against the Plaintiff.

IT IS SO ORDERED this 30th day of July, 2010.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE